UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARY JO DIGEL — CIVIL ACTION NO. 6:12-cv-01019

VERSUS — JUDGE HAIK

BROWN'S VELVET DAIRY PRODUCTS, INC. and ALBERTSON'S, LLC — MAGISTRATE JUDGE HANNA

# REPORT AND RECOMMENDATION

Currently pending before the court is the unopposed motion to remand, which was filed by defendant Albertsons, LLC.[1] (Rec. Doc. 13). For the following reasons, the motion is denied, and the undersigned recommends that this lawsuit be dismissed.

## BACKGROUND

The plaintiff filed her original complaint in this forum, alleging that this Court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. (Rec. Doc. 1 at ¶¶ 6 and 7). The plaintiff's original complaint (Rec. Doc. 1) names two defendants: Brown's Velvet Dairy Products, Inc. and Albertsons, LLC. On July 16, 2012, the plaintiff filed an

[1] The parties' submissions are inconsistent with regard to whether there is an apostrophe in this defendant's name. The undersigned will delete the apostrophe in this report and recommendation.

unopposed motion for leave to amend her complaint, seeking to substitute Southern Foods Group, LLC as a defendant in place of Brown's Velvet Dairy Products, Inc. (Rec. Doc. 6). Because the undersigned was concerned that permitting the amendment might destroy diversity, the motion was denied and the undersigned stated, in the order denying the motion, "Plaintiff shall set forth the citizenship of each member of the LLC." (Rec. Doc. 7).

On October 10, 2012, the plaintiff filed another motion for leave to file a supplemental and amending complaint, again seeking to substitute Southern Foods Group, LLC for defendant Brown's Velvet Dairy Products, Inc. (Rec. Doc. 8). The plaintiff attached an affidavit and stated, in the motion, "Plaintiff hopes this Affidavit satisfies this Honorable Court's Order signed on July 17, 2012 with regard to citizenship of each member of the SOUTHERN FOODS GROUP, LLC." (Rec. Doc. 8 at 1). But the information set forth in the affidavit was insufficient for the undersigned to determine whether the parties are diverse in citizenship. For that reason, the motion to amend was denied. (Rec. Doc. 9).

On November 11, 2012 and on November 29, 2012, the plaintiff again sought to amend her complaint. (Rec. Docs. 10 and 11). But, for the same reasons previously explained in the order denying her prior motion for leave to amend, she again failed to establish that the parties are diverse in citizenship because the

citizenship of each and every member of Albertsons, LLC and Albertsons Holdings LLC was not established and the principal place of business for Dean Foods Company was not established. (Rec. Doc. 12 at 2-3). Accordingly, the undersigned denied the motions to amend but gave the plaintiff fourteen days to supplement the motions by properly setting forth the defendants' citizenship. (Rec. Doc. 12 at 3). The undersigned warned that if the necessary citizenship information was not provided within that time frame, "the motions will be stricken." (Rec. Doc. 12 at 3).

The fourteen day time period for responding elapsed without the plaintiff submitting any further citizenship information to the court. Instead, defendant Albertsons, LLC filed a motion to remand, praying that this action be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana. (Rec. Doc. 13) The motion was unopposed and counsel for the movant represented that the plaintiff intended to take no further action regarding the order of this Court that the citizenship of the parties be established.

Based on the unopposed nature of the motion, the district court inadvertently granted the motion to remand (Rec. Doc. 14), then vacated the order (Rec. Doc. 16), stating that because this matter was originally filed in this Court, it is not eligible for remand. Since the plaintiff does not seem to want to litigate this lawsuit in this

forum, and since the plaintiff has not established the jurisdictional prerequisites necessary, it is recommended the complaint be dismissed without prejudice.

## ANALYSIS

Generally, any civil action originally filed in state court can be removed by the defendant to the United States district court for the place where the action is pending if the federal court has subject matter jurisdiction over the action.[2] If, however, an action originally filed in state court is removed to federal court but the federal court does not have subject matter jurisdiction, the action must be remanded to state court.[3] Removal and remand are, therefore, procedures that may be used when a lawsuit is first filed in state court. This is consistent with the definition of the word "remand," which means "[t]o send (a case or claim) back to the court or tribunal from which it came for some further action. . . ."[4]

This lawsuit did not originate in state court nor was it removed to this forum. The plaintiff's complaint was filed in this forum on April 27, 2012. (Rec. Doc. 1). The undersigned is unaware of any procedure by which an action first filed in federal

---

2 28 U.S.C. § 1441.

3 28 U.S.C. § 1447(c).

4 *Black's Law Dictionary* 1407 (Ninth Edition 2009).

court may be remanded to state court. For that reason, the relief sought by Albertsons, LLC cannot be granted by this Court.

Furthermore, this Court has no subject matter jurisdiction over this lawsuit. Federal courts are courts of limited jurisdiction[5] and are obligated to examine the basis for the exercise of federal subject matter jurisdiction continually and *sua sponte*.[6] A lack of subject matter jurisdiction may be raised at any time, and a court may raise the issue on its own.[7] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[8]

The burden of establishing federal jurisdiction rests on the party invoking the federal forum,[9] and "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal"[10] because the court "cannot presume the existence of federal

---

5 *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 284 (5th Cir. 2011); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

6 *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d at 284; *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).

7 *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

8 Fed. R. Civ. P. 12(h)(3).

9 *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Green v. Hale*, 433 F.2d 324, 329 (5th Cir. 1970) ("the burden is upon the party invoking federal jurisdiction to prove facts that will sustain jurisdiction.").

10 *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

jurisdiction."[11] In this case, the plaintiff originally filed suit in this forum and, consequently, must bear that burden. When suit is brought in federal court, the plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed.[12] In this case, however, the plaintiff has satisfied this fundamental requirement.

In her complaint, the plaintiff alleged that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold. (Rec. Doc. 1 at ¶¶ 6, 7). When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged.[13] Despite having four opportunities, the plaintiff has failed to allege facts establishing that the parties are diverse in citizenship. Indeed, the plaintiff has failed to establish facts sufficient to permit the undersigned to determine whether the parties are – or are not – diverse in citizenship.

---

11 *Howery v. Allstate Ins. Co*., 243 F.3d at 919.

12 *Vela v. Manning*, 469 Fed. App'x. 319, 320 (5th Cir. 2012); *Whitmire v. Victus Ltd*., 212 F.3d 885, 887 (5th Cir. 2000).

13 *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The citizenship of a natural person is determined by the state in which she is domiciled, and domicile is a combination of both a person's residence and her intent to remain there permanently.[14] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[15] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[16] For that reason, the undersigned explained in a prior ruling (Rec. Doc. 9 at 3) that the plaintiff will be deemed to be an Ohio citizen barring objection by the defendants. To date, no objection has been submitted.

A corporation is a citizen of every state in which it has been incorporated and also of the state where it has its principal place of business.[17] In her complaint, the plaintiff alleged that defendant Brown's Velvet Dairy Products is a Louisiana corporation with its principal place of business in Louisiana. This is sufficient to establish that this defendant is a Louisiana citizen.

The citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members.[18] When a member of an LLC is itself an LLC or a

---

14 *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011).

15 *Delome v. Union Barge Line Co*., 444 F.2d 225, 233 (5th Cir. 1971).

16 *Hollinger*, 654 F.3d at 571.

17 28 U.S.C. § 1332.

18 *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations.[19] If any one of the members is not diverse, the LLC is not diverse. In her original complaint, the plaintiff alleged that defendant Albertsons, LLC was incorporated in the State of Delaware with a principal business office in Idaho. When the plaintiff filed a motion seeking to substitute Southern Foods Group, LLC as a defendant in place of Brown's Velvet (Rec. Doc. 6), the undersigned was concerned whether this might destroy diversity. Observing the letters "LLC" in the Albertsons entity's name and also in the Southern Foods entity's name, the undersigned suspected that these might actually be limited liability companies rather than corporations. For that reason, the undersigned denied the motion for leave to amend the complaint and ordered the plaintiff to "set forth the citizenship of each member of the LLC." (Rec. Doc. 7).

The plaintiff then filed another motion to amend the complaint. (Rec. Doc. 8). Again, however, she did not allege the citizenship of either company's members in the proposed amended complaint. Instead, she attached an affidavit but it did not identify the members of Southern Foods Group, LLC or state the citizenship of the members. (Rec. Doc. 8-1). Accordingly, the motion to amend was denied. (Rec. Doc. 9).

---

[19] See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

The plaintiff then filed two more motions for leave to amend the complaint. (Rec. Docs. 10 and 11). Another affidavit (Rec. Doc. 11-2) was submitted, which identified the members of Southern Foods Group, LLC, provided their citizenship, and traced them up the chain to Dean Foods Company. The affidavit states that Dean Foods Company is a corporation that was formed in Delaware, but it does not state that company's principal place of business. A party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[20] The plaintiff did not satisfy this requirement.

An affidavit was also submitted with regard to the Albertsons defendants. (Rec. Doc. 11-3). This affidavit failed to provide citizenship information for Albertsons Holdings LLC, the sole member of Albertsons, LLC. Again, the plaintiff failed to satisfy her burden.

The undersigned therefore denied both motions and explained precisely what information needed to be provided in order for a diversity determination to be made: the citizenship of each and every member of Albertsons, LLC and Albertsons Holdings LLC and the principal place of business for Dean Foods Company. (Rec. Doc. 12 at 2-3).

---

[20] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

Establishing the citizenship of these entities would not be difficult, and a failure to allege facts establishing jurisdiction need not prove fatal to a complaint, since a plaintiff may amend defective jurisdictional allegations.[21] In this case, the plaintiff has been afforded ample opportunity to do just that. In fact, the plaintiff has now had four opportunities to allege the facts sufficient to demonstrate that the parties are diverse in citizenship: in her complaint, and in response to three orders from the undersigned (Rec. Docs. 7, 9, and 12). Absent the plaintiff establishing that this Court has subject matter jurisdiction, the undersigned has no choice but to recommend that this action be dismissed.

The undersigned finds that the plaintiff has not carried her burden of establishing that the parties are diverse in citizenship and, consequently, has not carried her burden of establishing that this Court has jurisdiction. Accordingly, the undersigned finds that this Court lacks subject matter jurisdiction over this action. Absent subject matter jurisdiction, a federal district court can take no action whatsoever. "Without jurisdiction the court cannot proceed at all in any cause."[22]

---

[21] *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).

[22] *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868). See, also, e.g., *Williams v. Liberty Mutual Ins. Co.*, No. 04-30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

However, this lawsuit was not originally filed in state court, which means that there is no procedure available for remanding it to a state forum. Having concluded that this Court lacks subject matter jurisdiction, the undersigned also concludes that this action should be dismissed.

For these reasons, the motion to remand filed by Albertsons, LLC (Rec. Doc. 13) is DENIED, and the undersigned recommends that this action be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on January 31, 2013.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE